IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRY P. LETTERMAN,

                Plaintiff,

vs.                                    Case No. 20-3138-SAC

SEDGWICK COUNTY JAIL, et al.,

                Defendants.

**O R D E R**

Plaintiff, <u>pro se</u>, has filed this action with claims arising from his incarceration at the Sedgwick County Jail.[1] Plaintiff's first complaint (Doc. No. 1), contrary to Fed.R.Civ.P. 8(a)(1), did not contain a short and plain statement of the grounds for the court's jurisdiction. Plaintiff was sent forms to reassert his claims. He filed a complaint (Doc. No. 3) on forms indicating that he is bringing this case pursuant to 42 U.S.C. § 1983. He has also filed two motions to supplement his allegations. Doc. Nos. 6 and 8. These pleadings are before the court as the court screens this case pursuant to 28 U.S.C. § 1915A.

I. <u>Screening standards</u>

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee

---

[1] Plaintiff has been granted in forma pauperis status and the court has received his initial partial filing fee.

to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions

alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

3

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. Plaintiff's complaint – Doc. No. 3.

Plaintiff alleges in Count I that he was assaulted by his cellmate at the Sedgwick County Jail on January 23, 2020. Plaintiff claims that for more than seven hours prior to the assault he made multiple efforts to speak to jail officers so that he or his cellmate would be moved for plaintiff's protection. These efforts included activating an emergency button, speaking to jail officers, and writing a letter to be delivered to jail authorities. The court construes plaintiff's allegations as claiming a violation of a duty to protect plaintiff under the Eighth Amendment.

Plaintiff also alleges in Count II that he was removed from work release status because of the assault without being given an opportunity to oppose or defend against the removal. The court construes this as a denial of due process claim.

Plaintiff further claims in Count III that he was denied the chance to contact the police and make a report of the assault. The court views this as a First Amendment claim.

Finally, plaintiff alleges that after the assault he lost property that was in his cell. The court considers this a due process claim.

Plaintiff lists the following defendants in his complaint: Sedgwick County Jail; Corporal Ray; Corporal Delora; and Sgt. Harvey.

III. The Sedgwick County Jail is not a suable entity.

Plaintiff is bringing this action under § 1983 which provides for a cause of action against "persons" who, acting under the authority of state law, violate the Constitution or federal law. The "Sedgwick County Jail" or the "Sedgwick County Detention Center or Facility" are not suable "persons" as that term is used in § 1983 because these organizations are not entities capable of bringing a lawsuit or of being sued.  See Baker v. Sedgwick County Jail, 2012 WL 5289677 *2 n.3 (D.Kan. 10/24/2012); Chubb v. Sedgwick County Jail, 2009 WL 634711 *1 (D.Kan. 3/11/2009); see also, Kelley v. Wright, 2019 WL 6700375 *4 (D.Kan. 12/9/2019)(dismissing Atchison County Jail); Polk v. Labette County Jail, 2019 WL 5395734 *2 (D.Kan. 10/22/2019)(dismissing Labette County Jail).  To sue on the basis of actions by an agency of Sedgwick County, plaintiff should sue the Board of County Commissioners of Sedgwick County.[2]

---

[2] To establish the liability of a governmental entity under § 1983, a plaintiff must first demonstrate a "municipal policy or custom," which may take one of the following forms:
> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to

See K.S.A. 19-105; <u>Wright v. Wyandotte County Sheriff's Dept.</u>, 963 F.Supp. 1029, 1034 (D.Kan. 1997). Because the Sedgwick County Jail is not properly named as a defendant in this case, the court shall order that the jail be dismissed.

IV. <u>Plaintiff's due process claims are subject to dismissal.</u>

Plaintiff alleges that he was denied due process when he was denied work release and when property was taken from his cell. Plaintiff does not allege facts showing that any defendant he has named in his complaint is responsible for the decision to deny the work release status or is responsible for plaintiff's loss of property. An essential element of a § 1983 claim against an individual is that person's direct personal participation in the actions or omissions upon which the complaint is based. <u>Trujillo v. Williams</u>, 465 F.3d 1210, 1227 (10th Cir. 2006). Plaintiff has failed to identify specific actions by particular defendants to violate his due process rights. Therefore, his due process claims are subject to dismissal.

In addition, with respect to work release, only actions which impose an "atypical, significant" hardship in relation to the ordinary incidents of prison life violate the due process clause. <u>Sandin v. Conner</u>, 515 U.S. 472, 483 (1995). Plaintiff does not

---

adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

<u>Bryson v. City of Okla. City</u>, 627 F.3d 784, 788 (10th Cir. 2010) (internal quotation marks and brackets omitted).

6

allege that his conditions of confinement without work release were atypical of normal prison life.  Therefore, plaintiff has not stated a due process violation as this court has held in other contexts involving denial of work release opportunities. Szczygiel v. Kansas, 2016 WL 838935 *5 (D.Kan. 3/3/2016); Henry v. Goddard, 2009 WL 3711596 *6 (D.Kan. 11/3/2009); Johnson v. Gillespi, 1997 WL 51389 *2 (D.Kan. 1/16/1997); see also Dominique v. Weld, 73 F.3d 1156, 1159-61 (1st Cir. 1996)(removal from a work release program does not amount to an atypical and significant hardship); Callender v. Sioux City Residential Treatment Facility, 88 F.3d 666, 669 (8th Cir. 1996)(same).  This holding appears particularly apt here since plaintiff does not allege that he had been released from incarceration at the time he was removed from the work release program.

As regards plaintiff's loss of property claim, this court has held that, whether negligent or intentional, the deprivation of personal property may be sued upon by an inmate under state law in Kansas state court.  McKeighan v. Corrections Corp. of America, 2008 WL 3822892 *5 (D.Kan. 8/13/2008).  This is an adequate post-deprivation remedy for the loss of property which obviates a federal constitutional claim for the deprivation of property without due process.  Id., citing Smith v. Maschner, 899 F.2d 940, 943 (10th Cir.1990); see also, Gee v. Pacheco, 627 F.3d 1178, 1194 (10th Cir. 2010)(inmate fails to state a due process claim because

7

he does not allege a lack of adequate state remedy for property deprivation); Meyer v. City of Russell, Kansas Police Dept., 2012 WL 4867379 *7 (D.Kan. 10/15/2012)(same).

V. Police contact

In Count III, plaintiff alleges that "Captain" denied his efforts to contact the police to make a report concerning "this situation."  Doc. No. 3, p. 5.  Plaintiff does not allege that a specific defendant took action to prevent him from contacting the police.  Nor does plaintiff allege how long he was prevented from contacting the police and whether other means were available to him to contact the police.  It appears that plaintiff had an attorney and was involved in court hearings.  Doc. No. 6, p. 2.  The court assumes this gave plaintiff an opportunity to contact the police.

The court concludes that plaintiff's allegations in Count III are too vague to state a plausible claim for a constitutional violation.

VI. Motion to supplement

Plaintiff has filed what was docketed as a motion to supplement. Doc. No. 6.  The court shall treat it as a motion to amend since plaintiff seeks to add a claim for defamation and because it is not clear that the motion sets out events which postdate the original complaint.  See Fed.R.Civ.P. 15(d)(permitting supplemental pleadings which set out a

transaction, occurrence or event that happened after the date of the pleading to be supplemented).

Plaintiff does not link an alleged defamatory statement to a particular defendant or state when the defamatory statement was made. This is inadequate to state a claim for defamation. See Garrison v. Fastenal Company, 2017 WL 1001189 *1 (D.Kan. 3/15/2017); Householder v. The Cedars, Inc., 2008 WL 4974785 *1 (D.Kan. 11/19/2008). Therefore, the motion to amend may be denied on the grounds of futility. Jefferson Cnty. Sch. Dist. v. Moody's Investor's Serv., 175 F.3d 848, 859 (10th Cir. 1999)(a court should deny leave to amend under Fed.R.Civ.P. 15(a) where the proposed amendment would be futile).

## VII. Second motion to supplement

Plaintiff has filed a second motion docketed as a motion to supplement. Doc. No. 8. Part of the materials with the motion are labelled for ex parte consideration ("Judges or Clerks eyes only"). The court shall treat the motion as a motion to amend and direct that the motion be stricken for the following reasons.

The motion contains additional allegations which do not post-date the complaint and therefore should be considered part of motion to amend rather than a motion to supplement. A motion to amend, pursuant to Local Rule 15.1(a)(2), should be filed with a proposed amended complaint that contains all of the claims plaintiff wishes to present. Plaintiff has not submitted a

proposed amended complaint with the motion at Doc. No. 8.  Also, the court would prefer that plaintiff not submit materials for "the Judge's or Clerk's eyes only" without first seeking leave to make an ex parte communication.

VIII. Conclusion

For the above-stated reasons, the court shall direct that defendant Sedgwick County Jail be dismissed from this case.  The court shall further direct that the motion to supplement (Doc. No. 6), treated as a motion to amend, be denied and that the second motion to supplement (Doc. No. 8), treated as a motion to amend, be denied and stricken. The court further directs that plaintiff show cause by August 28, 2020 why plaintiff's due process claims and First Amendment claims as described on page 4 of this order should not be dismissed.  In the alternative, plaintiff may file an amended complaint.  An amended complaint should contain all the claims plaintiff seeks to bring and name all of the defendants plaintiff wishes to sue.  Finally, plaintiff's requests related to discovery (see, e.g., letter at Doc. No. 7) are denied without prejudice to being raised again after the screening process has been completed.

**IT IS SO ORDERED.**

Dated this 31st day of July 2020, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge