IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRY P. LETTERMAN,

                    Plaintiff,

vs.                                    Case No. 20-3138-SAC

(fnu) ROY, et al.,

                    Defendants.

# O R D E R

Plaintiff, <u>pro se</u>, has filed this action with claims arising from his incarceration at the Sedgwick County Jail.  In response to a show cause order from the court (Doc. No. 9), plaintiff has filed an amended complaint (Doc. No. 10) and a "motion to supplement" the amended complaint (Doc. No. 11).  This case is before the court for further screening pursuant to 28 U.S.C. § 1915A.  The court applies the same standards set forth in Doc. No. 9 at pp. 1-4.

I. <u>Amended complaint and motion to supplement</u>

Count 1 of the amended complaint alleges that defendants (fnu) Roy, (fnu) Delora, (fnu) Tucker and (fnu) Harvey failed to protect plaintiff from being assaulted by plaintiff's cellmate in spite of plaintiff's urgent communications requesting protection or movement from the cell.  The "motion to supplement" seeks to add four counts to the amended complaint.  Count 2 alleges that

1

Elizabeth Hess, a community corrections residential counsel "and staff" failed to give plaintiff's stepfather property belonging to plaintiff. Apparently, this property is now lost. Count 3 alleges that plaintiff was "rolled" from community corrections residential custody into jail custody without good cause. Plaintiff names Judge Chris Magana, the "head" district attorney, and defendant Harvey as defendants in Count 3. Count 4 alleges that a plea deal for plaintiff was taken off the table after he was assaulted in jail. Plaintiff alleges that his due process rights were violated and names the "head" district attorney as a defendant. Finally, in Count 5, plaintiff alleges a claim of defamation or slander against Brian White, the warden at the Sedgwick County Adult Detention Center. Plaintiff alleges that his charges show "poss of firearm" when actually he was caught with a machete.

The court will permit the amended complaint to be supplemented or amended,[1] but will dismiss Counts 2 through 5 for the reasons that follow.

## II. <u>Count 2</u>

As discussed in the first screening order (Doc. No. 9 at pp. 7-8), plaintiff's loss of property claim does not state a constitutional violation for a due process violation because plaintiff has recourse under state law to bring a claim to recover

---

[1] The motion to supplement was filed before the deadline for plaintiff to respond to the court's show cause order or alternatively file a motion to amend.

the property or damages.   In addition, plaintiff has failed to state a claim in Count 2 because plaintiff does not specifically allege what Elizabeth Hess did to violate his rights.   He alleges that Hess "& staff" failed to give plaintiff's property to his stepfather.   This assertion of collective responsibility fails to adequately allege a claim for relief against a specific defendant or show that Hess did something to cause plaintiff's loss of property.   See Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020); Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008).

III. Count 3

In the first screening order (Doc. No. 9 at pp. 6-7), the court cited case authority showing that plaintiff did not have a liberty interest in a work release program which would support plaintiff's claim of a due process violation.   Plaintiff's allegations also fail to show that Sgt. Harvey, the "head district attorney", or Judge Magana took specific actions to remove plaintiff from work release.   Plaintiff only alleges that he "e-kited" Sgt. Harvey to get in touch with the district attorney's office, but Sgt. Harvey refused.   For these reasons, Count 3 fails to state a plausible claim.

IV. <u>Count 4</u>

Plaintiff alleges in Count 4 that a plea deal was withdrawn without reason after plaintiff was assaulted in prison. Plaintiff claims that this violated his right to due process.

Plaintiff names the "head District Attorney" as a defendant but fails to allege facts showing that the head District Attorney did anything to cause the plea deal to be withdrawn. Moreover, "plea offers are discretionary and [an] assistant district attorney [is] not required to extend one or keep an offer open." <u>Williams v. Jones</u>, 571 F.3d 1086, 1091 (10th Cir. 2009). An action causing the loss of an unexecuted plea deal does not deny a defendant a liberty or property interest triggering due process protections. See <u>Duque v. Curry County Manager</u>, 2011 WL 13290277 (D.N.Mex. 1/27/2011)(transfer from New Mexico detention center to Texas causing loss of plea deal with New Mexico prosecutors does not support a § 1983 claim). Therefore, Count 4 fails to state a plausible claim for relief.

V. <u>Count 5</u>

In Count 5, plaintiff alleges that he was defamed because his "charges" show "poss of firearm" when he was caught with a machete, not a firearm. Plaintiff names the warden of the Sedgwick County Detention Center, Brian White, as a defendant for Count 5 apparently because he is "in charge of jail functions." White's supervisory position, however, is not sufficient in itself to

support a claim that he was responsible for the alleged defamatory statement.  See Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 767-68 (10th Cir. 2013); Porro v. Barnes, 624 F.3d 1322, 1327 (10th Cir. 2010).  Plaintiff has failed to allege facts describing an affirmative link between the alleged defamation and an action or omission by defendant White.  Therefore, plaintiff has failed to state a plausible claim for relief.

VI. Improper joinder

Counts 2-5 also should be dismissed because they are improperly joined with Count 1.  Counts 2-5 largely concern different defendants than Count 1.[2]  Under Rule 20(a)(2), the joinder of several defendants is permissible if the right to relief asserted against them arises out of the same transaction, occurrence or series of transactions or occurrences; and a question of law or fact common to all defendants will arise in the action. Here, plaintiff is attempting to join different actions raising different factual and legal issues against different parties. These unrelated claims should not be joined.  See Smith v. Kirby, 53 Fed. Appx. 14, 16 (10th Cir. Dec. 9, 2002)(finding no abuse of discretion where district court denied leave to amend or supplement the complaint where the "new claims were not relevant to the claims before that court....")); see also, McLemore v. Saline County

---

[2] Sgt. Harvey is mentioned in Count 1 and Count 3, but his alleged actions in Count 3 are clearly an inadequate basis for a claim.

Sheriff's Office, 2016 WL 3522048 *3-5 (D.Kan. 6/28/2016)(denying joinder of claims not related to original complaint brought by a county jail inmate); Harvey v. Rohling, 2011 WL 4585256 *7 (D.Kan. 9/12/2011)(denying joinder of disciplinary claims to other claims arising from prisoner's confinement).

VII. Conclusion

     For the above-stated reasons, the motion to supplement (Doc. No. 11) shall be granted, but the counts added to the amended complaint (Counts 2-5) shall be dismissed for failure to state a claim.  The court shall direct the Clerk to prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Civil Procedure to be served upon defendants Roy, Tucker, LaDora and Harvey.  These are the remaining defendants in this case. Plaintiff shall be assessed no costs absent a finding by the court that plaintiff is able to pay such costs. Plaintiff has the primary responsibility to provide sufficient name and address information for the waiver of service forms or for the service of summons and complaint upon a defendant. See Nichols v. Schmidling, 2012 WL 10350 *1 (D. Kan. 1/3/2012); Leek v. Thomas, 2009 WL 2876352 *1 (D. Kan. 9/2/2009). So, plaintiff is warned that if waiver of service forms or summons cannot be served because of the lack of name and address information, and correct address information is not supplied to the Clerk of the Court, ultimately the unserved parties may be dismissed from this action. See FED.R.CIV.P. 4(m).

**IT IS SO ORDERED.**

Dated this 8th day of September, 2020, at Topeka, Kansas.


                          s/Sam A. Crow_____
                          U.S. District Senior Judge