UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRY P. LETTERMAN,

            Plaintiff,

v.                                                 Case No. 20-3138-JWB

(fnu) ROY et al.,

            Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendants' motion to dismiss (Doc. 19) and Plaintiff's motion for summary judgment (Doc. 20.) These motions are fully briefed and ripe for decision. (Docs. 19, 20, 24, 25.) For the reasons stated herein, Defendants' motion is GRANTED, and Plaintiff's motion is DENIED.

**I.    Background**

Terry Letterman, Plaintiff, is an inmate in the custody of the Sedgwick County Adult Detention Facility (SCADF). His *pro se* Amended Complaint (Doc. 10) and "Motion to Supplement" (Doc. 11) asserted five different counts against the Sedgwick Count Jail, several SCADF employees, and an unnamed official in the District Attorney's office. (Docs. 10, 11.) The claims include a violation of a duty to protect, unlawful seizure of property, and defamation. *Id.* The Amended Complaint includes a prayer for relief in the amount of $10,000,000.00 for the loss of property, pain and suffering, and a transfer back to work release. (Doc. 10 at 7.) The Amended Complaint cites 42 U.S.C. § 1983 as the basis for the court's subject matter jurisdiction. (*Id.* at 1.) Judge Crow screened the Amended Complaint and "Motion to Supplement" pursuant to 28 U.S.C. § 1915A and dismissed counts 2–5 in the Amended Complaint, the Sedgwick County Jail

1

as a Defendant, and several other Defendants. (Doc. 12.) The remaining count is alleged against Defendants (fnu) Roy, (fnu) Tucker, (fnu) LaDora, and (fnu) Harvey, employees of the SCADF. (Doc. 10 at 2–3.) The count alleges deliberate indifference by Defendants to Plaintiff's pleas to prevent an impending battery. (*Id.* at 2, 4.) Judge Crow construed the allegation as a claim for violating Plaintiff's Eighth Amendment rights. (Doc. 9.)

On November 6, 2020, Defendants filed a motion to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(1), (6). (Doc. 19.) Defendants assert the court lacks subject-matter jurisdiction because Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. (Doc. 19.) Defendants also assert that they are entitled to qualified immunity as public officials acting in their individual capacity. (*Id.* at 3.) Plaintiff has moved for summary judgment and filed a response to the motion to dismiss. (Docs. 20, 24.)

## II. Defendant's Motion to Dismiss (Doc. 19.)

### A. Motion to Dismiss Standards

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, a complaint must have adequate allegations of fact when taken as true to state a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). Those factual allegations must be more than speculative; they must be plausible on their face. *Id.* Well-pleaded facts will be viewed most favorably to the nonmoving party. *Archuleta v. Wagner*, 523 F. 3d 1278, 1283 (10th Cir. 2008). It is improper to rely on documents outside of the complaint; "[g]enerally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

A *pro se* plaintiff still bears the "burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court is to construe a *pro se* litigant's pleadings liberally and will make some accommodations for "his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . ." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). However, it is not the court's role to serve as Plaintiff's advocate. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

B. **Alleged Facts**

On or about January 23, 2020, the Plaintiff was attacked by a fellow inmate at the SCADF in Pod 7. (Doc. 10 at 2.) Before the attack, Plaintiff was threatened by a cellmate. (*Id.* at 4.) For about seven hours before the attack, Plaintiff spoke numerous times with corrections officers over his in-cell intercom alerting staff that he was going to be attacked by his cellmate.[1] (*Id.* at 4–5.) Plaintiff also conveyed his concerns in person to several corrections officers that came by his cell in that seven-hour window. (*Id.* at 5.) Furthermore, Plaintiff also alleged that he tried to alert the staff of the threat by way of the security cameras in the SCADF. (*Id.*) In each interaction with the corrections officers, Plaintiff demanded to be separated from his would-be attacker and claimed his life was in danger. (*Id.* at 4–5.)

After the incident, Plaintiff made a "soap in sock" weapon as a "defense" device. (*Id.* at 5.) The staff found the weapon and removed him from the Residential Work Release Center. Plaintiff "lost" his property during the process.[2] (*Id.*) Both during and after the events on or about

---

[1] In his Amended Complaint, Plaintiff specified that he spoke with LaDora over the intercom system and in person at his cell. (Doc. 10.) He also spoke with Officer Roy several times in his cell. *Id*.
[2] Plaintiff listed the missing property as consisting of: two rap CDs he wrote, one country CD he made, and some 200 pages of business plans he wrote.

January 23, 2020, Plaintiff made grievances to the staff at SCADF regarding the battery including a grievance lodged with Sergeant Harvey at the SCADF. (*Id.* at 4.)

### C. Grievance Exhibit

A court can consider outside documents for the following limited exceptions: (1) documents that are incorporated by refence in the complaint; (2) "documents referred to in the complaint . . . and the parties do not dispute the documents' authenticity"; and (3) "matters of which a court may take judicial notice." *Id*. (citations omitted). A district court must convert a Rule 12(b)(6) motion to a motion for summary judgment if the court intends to rely on other evidence that does not fall within the listed exceptions. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

a. <u>Sedgwick County Administrative Procedures</u>. Sedgwick County's administrative procedures require that an inmate complete two actions to exhaust administrative remedies: (1) the grievance procedure and (2) the claim procedure. *Kocsis v. Cnty. of Sedgwick*, No. 14-2167-CM 2014 WL 6474225, at *3 (D. Kan. Nov. 19, 2014). Sedgwick County defines a grievance as:

> "any complaint, issue, problem or dispute expressed by an inmate regarding the inmate's conditions of confinement." Inmates are required to submit a grievance within fourteen days of an event. While a grievance should be in writing by using an inmate request form, referred to internally as a "Kite," "a grievance will not be refused if it is submitted in some other form." If, for instance, the grievance was verbal, a written report should be prepared for the inmate's file.

*Id*. at *2. Any grievance not resolved to the inmate's satisfaction can be appealed. Allegations of staff misconduct should be reviewed by the administrative lieutenant and briefed to his or her division commander. *Id*. at *3. In the event that the lieutenant is unable to resolve the grievance, a division captain should respond to the grievance, and the grievance process is considered exhausted when the captain posts a written grievance response. *Id*.

After the grievance process is exhausted, the inmate is required to file a claim. *Id*. The inmate has thirty days from the termination of the grievance or sixty days from the date of the incident—whichever is greater—to file the claim on an Inmate Claim Form. *Id*. The claim is considered exhausted after it has been denied or sixty days after filing the claim, whichever happens first. *Id*. at *9.

### III. Discussion

#### A. Failure to Exhaust Under the PLRA.

Defendants contend that the claim must be dismissed because Plaintiff failed to exhaust administrative remedies. (Doc. 19 at 2-3.) The PLRA requires inmates to exhaust all administrative remedies available to them before filing suit. *See* 42 U.S.C. § 1997e(a). ("No action shall be brought with respect to prison conditions under section 1983 of this title . . . by prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") However, in the event that prison officials prevent or hinder the inmate's efforts to pursue an administrative remedy, "they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). "[F]ailure to exhaust is an affirmative defense under the PLRA." *Jones v. Block*, 549 U.S. 199, 211 (2007). The defendant has the burden of proof for a PLRA failure to exhaust defense. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

a. <u>Whether Plaintiff Exhausted His Administrative Remedies</u>. Viewing the facts in a light most favorable to Plaintiff the court finds he timely initiated the grievance process. Plaintiff alleges that he made several verbal complaints to Ray and Delora prior to the incident. His verbal pleas to the corrections officers qualify as a grievance as they were allegedly made when Plaintiff

felt that his life was endangered.[3]  Second, Plaintiff has alleged that his grievances were ignored by the officers.  Liberally construing the allegations, the court finds that the pleadings do not demonstrate that Plaintiff failed to exhaust his administrative remedies.  Because it is Defendants' burden to prove that administrative remedies have not been exhausted and the court is only considering the Amended Complaint at this stage of the proceedings,[4] Defendants' motion to dismiss on the grounds that jurisdiction is lacking under the PLRA is denied.

### B.    Qualified Immunity

Defendants assert that they are entitled to qualified immunity as public officials acting in their individual capacities.  (Doc. 19 at 3-4.)  Unless a public official acts unreasonably bearing in mind clearly established law, qualified immunity grants him protection from damages actions. *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008).  "In reviewing a Rule 12(b)(6) motion in the context of qualified immunity, a district court should not dismiss a complaint 'for failure to state a claim unless it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004) (quoting *Currier v. Doran*, 242 F.3d 905, 917 (10th Cir. 2001) (emphasis added)). When a defendant asserts qualified immunity, the court must consider if the plaintiff has alleged a violation of an actual constitutional right and determine if the right was clearly established in that moment.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

---

[3]Sedgwick County acknowledges that verbal grievances are encouraged in emergency or threatening situations and comply with the administrative procedures.  *Taylor v. Bd. of Cty. Comm'rs*, No. 14-1157-CM, 2014 WL 6474313, at *4 (D. Kan. Nov. 19, 2014).

[4]Defendants asserted in their motion to dismiss that Plaintiff never in fact initiated a grievance (Doc. 19 at 3.)  In support of this argument, Defendants have attached what they assert are all the grievances that Plaintiff filed during his incarceration.  (*See* Doc. 19, Appx. 1.)  Plaintiff and Defendants both construe the grievances differently and it appears that there is some support in the documents for a determination that Plaintiff did exhaust this grievance. The court finds that it is improper to consider the grievance exhibit without converting the motion to one for summary judgment.  Accordingly, the court has not considered the grievance exhibit in ruling on the motion to dismiss.

6

Prison and jail officials have an Eighth Amendment duty to protect a prisoner from the violent acts of other inmates. *Castillo v. Day*, 790 F.3d 1013, 1020 (10th Cir. 2015) (citing *Ramos v. Lamm*, 639 F.2d 559, 572-74 (10th Cir. 1980)). "Prison and jail officials, as well as the municipal entities that employ them, cannot absolutely guarantee the safety of their prisoners. Nonetheless, they have a constitutional duty to take reasonable steps to protect the prisoners' safety and bodily integrity." *Cox v. Glanz*, 800 F.3d 1231, 1247-48 (10th Cir. 2015). Establishing an Eighth Amendment claim for failure to protect an inmate from harm by other inmates requires Plaintiff to "show that he [was] incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006) (brackets and internal quotation marks omitted). To satisfy the subjective component, Plaintiffs must show that the defendants responded in an "objectively unreasonable manner"—that is, they "knew of ways to reduce the harm but knowingly or recklessly declined to act." *Howard v. Waide*, 534 F.3d 1227, 1239 (10th Cir. 2008) (brackets an internal quotation marks omitted). Defendants are only liable under § 1983 for their deliberate—not negligent—deprivation of constitutional rights. *Woodward v. Warland*, 977 F.2d 1392, 1399 (10th Cir. 1992).

"The unfortunate reality is that threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Turner v. Okla. Cty. Bd. of Cty. Comm'rs*, 804 Fed. Appx. 921, 926 (10th Cir. 2020) (unpublished) (citing *Marbury v. Warden*, 936 F.3d 1227, 1236 (11th Cir. 2019) (per curiam) (internal quotation marks omitted); *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996) (same)). "[S]ubjective awareness of only *some* risk of harm to a prisoner is insufficient for a deliberate-indifference claim." *Turner*, 804 Fed. Appx. at 926 (citing *Marbury*, 936 F.3d at 1238). Rather, "officials must possess enough details

7

about a threat to enable them to conclude that it presents a strong likelihood of injury, not a mere possibility." *Id*. (citing *Marbury*, 936 F.3d at 1236 (internal quotation marks omitted)).

First, the court must determine whether Plaintiff alleged specific facts demonstrating an objective "substantial risk of serious harm." *Howard v. Waide*, 534 F.3d 1227, 1236 (10th Cir. 2008) (citations omitted). For an injury to qualify as serious, it must be more than trivial harm. *See Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005). Plaintiff alleged that he was threatened with bodily violence by an inmate with whom he shared a cell at the time. Being incarcerated in the same room with an individual threating such harm could demonstrate a clear connection between the type of harm and the conditions of incarceration to show a substantial risk of serious harm. However, Plaintiff has not alleged a serious harm in his Amended Complaint. His only reference to harm is that he was "beat up." Plaintiff has only established that an altercation occurred, but he has not pled particularized facts as to the nature of his injuries. Plaintiff has failed to plead facts that plausibly satisfy the first prong of this analysis.

Second, the court must determine whether Plaintiff alleged specific facts demonstrating, subjectively, that the prison officials were deliberately indifferent to the risk he faced. Even when a prison official witnesses an inmate threating another inmate with violence, it may not be enough to establish deliberate indifference. *Turner*, 804 Fed. Appx. at 926. In *Turner*, the Tenth Circuit held that an official was not deliberately indifferent even after witnessing an altercation and a death threat made against another inmate. *Id*. In that case, the official saw a struggle break out between two inmates and heard one threatening to kill the other, but the fight ceased and the parties separated when the official banged on a window from his station. *Id*. at 923. About a half an hour later, the inmate that made the threat made a knife and stabbed the other inmate. *Id*. at 923–24. The court reasoned that even though the official was aware of the risk of harm, the two disengaged

8

after the official signaled them to stop, so he did not exhibit any deliberate indifference towards the risk. *Id*. at 926.

Plaintiff alleges that, on numerous occasions with several officials over several hours, he complained that he was facing an attack from his cellmate. While it appears obvious that the corrections officers had an actual knowledge of a potential risk, the guards came to his cell repeatedly over this time period to assess Plaintiff's concerns. Unlike *Turner*, Defendants did not witness an altercation between Plaintiff and his cellmate, nor did they witness the Plaintiff's cellmate making a threat. Furthermore, Plaintiff's allegations demonstrate that the officials were routinely checking on him and monitoring the situation. Because Plaintiff has only alleged that the threat relayed to the guards was a perceived one without corroborating facts, Plaintiff has failed to allege sufficient facts to establish that Defendants were deliberately indifferent. Therefore, the Defendants' motion to dismiss on the grounds of qualified immunity must be granted.

**IV.    Conclusion**

Based on the foregoing, Defendants' motion to dismiss is GRANTED. (Doc. 19.) Plaintiff's motion for summary judgment (Doc. 20) is DENIED.

IT IS SO ORDERED this 19th day of March, 2021.

                                                                                                     s/ John W. Broomes  
                                                                                                    JOHN W. BROOMES  
                                                                                                    UNITED STATES DISTRICT JUDGE